IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EVAN MIDCAP,                          )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )   Civil Action No. 10-36-E
                                      )
MICHAEL ASTRUE,                       )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )


O R D E R

AND NOW, this 3rd day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that he is not disabled, arguing that the ALJ improperly assessed the opinion of his treating psychiatrist, Tariq Qureshi, M.D. See R. 17; R. 240-44. Specifically, Plaintiff argues that the ALJ erred in concluding that, "Dr. Qureshi's opinion is not supported, as treatment records are consistently routine, the claimant relates well to others, and his activities of daily living do not reflect these marked restrictions." R. 17. The Court disagrees.

The question of whether a person is disabled is a legal one that is reserved to the Commissioner of Social Security. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the opinion of the plaintiff's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing 20 C.F.R. § 404.1527). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. Plummer, 186 F.3d at 429.

Dr. Qureshi supplied a Medical Source Statement, in which he opined that Plaintiff had a number of marked restrictions and "was not capable of sustaining competitive work activity." R. 240-44. Dr. Qureshi further opined that while Plaintiff's bipolar disorder was stabilized by medication, "work pressure will cause decompensation." R. 244. Such "checkbox" reports may constitute "weak evidence at best," Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), in particular when such conclusions are inconsistent with the record evidence, which it is here. First, as the ALJ noted, the Medical Source Statement was inconsistent with Dr. Qureshi's own treatment records and those of other medical providers. R. 192-195; 209-11; 233-38. Second, as the ALJ noted, the Medical Source Statement was contradicted

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

with regard to Plaintiff's ability to relate to others. R. 31-32; 121-27; 192-95; 209-16; 233-38. Third, as the ALJ noted, the Medical Source Statement was unsupported by Plaintiff's testimony about his activities of daily living. R. 25-33. Finally, in formulating the Plaintiff's residual functional capacity ("RFC"), the ALJ took into account the limitations noted in the neuropsychological evaluation of two psychologists, which predates Dr. Qureshi's Medical Source Statement. R. 15-16; 217-33. Unlike Dr. Qureshi, the psychologists did not conclude that Plaintiff was unable to work. Therefore, by incorporating these limitations into Plaintiff's RFC, the ALJ in no way considered this evaluation as providing no support for Dr. Qureshi's opinion that Plaintiff could not work.

The Court concludes that the ALJ's conclusions are supported by substantial evidence, and the decision of the Commissioner is affirmed.